1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF CALIFORNIA
7                        SACRAMENTO DIVISION

8  DAVID L. WHITE,

9              Petitioner,          NO. CV-08-2401-EFS

10        v.

11  D.K SISTO, Warden,           **ORDER REQUIRING THE FILING OF
                                  A SECOND AMENDED PETITION**
12              Respondent.

13

14     Before the Court is Petitioner David L. White's Amended Petition

15  Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

16  Custody.  (Ct. Rec. 11.)  After conducting the required screening under

17  Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes

18  Petitioner failed to allege facts to establish the timeliness of his

19  petition.  Accordingly, as set forth below, Petitioner must file a second

20  amended petition.

21     A person in custody pursuant to a state court judgment can request

22  a federal court to determine if his custody is in violation of the United

23  States Constitution pursuant to 28 U.S.C. § 2254.  The habeas corpus

24  petition is subject to 28 U.S.C. § 2244(d)'s one-year statute of

25  limitations - part of the Antiterrorism and Effective Death Penalty Act

26

ORDER * 1

PDF created with pdfFactory trial version www.pdffactory.com

of 1996 ("AEDPA").  Therefore, the habeas petition must be filed within one (1) year of the latest following four (4) dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Here, there is no allegation of an impediment to filing an application - subsection (B) - , nor an allegation of recently discovered facts - subsection (D).  Furthermore, subsection (C) is inapplicable because the constitutional rights asserted by Petitioner - the right to effective assistance of counsel and the right to be free from prosecutorial misconduct - are not recently-recognized rights. Accordingly, the subsection that is potentially applicable is subsection (A).  However, Petitioner alleges no facts to assist the Court in determining whether this petition complies with the "tight time line." *Mayle v. Felix*, 545 U.S. 644, 662 (2005).  Petitioner fails to identify the dates of the appellate rulings reviewing his 1999 conviction and sentence.  Without this information, the Court is unable to assess the petition's timeliness.

The petition's timeliness is also dependent upon the habeas claims' filing date.  Petitioner filed the initial complaint on April 17, 2008. This complaint, however, did not assert habeas claims; rather, it

ORDER * 2

PDF created with pdfFactory trial version www.pdffactory.com

1  asserted the existence of an illegal black market for tobacco products
2  in prison.  It was not until November 13, 2008, that Petitioner sought
3  habeas relief.  The instant amended petition was then filed on November
4  24, 2008.

5       Because "[a]n amended habeas petition "does not relate back (and
6  thereby escape AEDPA's one-year time limit) when it asserts a new ground
7  for relief supported by facts that differ in both time and type from
8  those the original pleading set forth," it is vital to determine whether
9  the claims in the amended petition are "tied to a common core of
10 operative facts" in either the initial complaint or the November 13, 2008
11 habeas petition.  *Hebner v. McGrath*, 543 F.3d 1133, 1138 (9th Cir. 2008)
12 (citing *Mayle*, 545 U.S. at 650, 664)).  Because Petitioner's April 17,
13 2008 complaint did not include related habeas claims, the amended habeas
14 petition does not relate back to this date.   Yet, it does relate back
15 to the November 13, 2008 habeas petition because the two (2) petitions
16 are "tied to a common core of operative facts."  *Id.* (citing *Mayle*, 545
17 U.S. at 664).  Accordingly, Petitioner's second amended petition for writ
18 of habeas relief must establish that "the date on which the judgment
19 became final by the conclusion of direct review or the expiration of the
20 time for seeking such review" **was no earlier than November 14, 2007.**

21      For the reasons given above, **IT IS HEREBY ORDERED:**

22      1.  Petitioner shall file a second amended petition within **sixty**
23 **(60) days** of the date of this Order.  This second amended petition shall:

24           a.   be legibly rewritten or retyped in its entirety;

25           b.   be an original and not a copy and may not incorporate any
26                part of the prior petitions by reference;

ORDER * 3

1         c.    be a single document;

2         d.    be clearly labeled "Second Amended Petition" and cause

3                  number CV-08-2041-EFS must be written in the caption.

4                  The Second Amended Petition will operate as a complete

5                  substitute for - rather than a supplement to - the

6                  present petition; and

7         e.    include facts establishing the timeliness of this

8                  petition under 28 U.S.C. § 2244(d)(1).

9     2.  **Plaintiff is cautioned that if he fails to amend within sixty**

10 **(60) days as directed, the Court will dismiss the complaint** for failure

11 to comply with this Court Order and/or for untimeliness under AEDPA.

12     **IT IS SO ORDERED.**  The District Court Executive is directed to enter

13 this Order and forward a copy to Plaintiff.

14     **DATED** this _____16th_____ day of January 2009.

15

16                              S/ Edward F. Shea
                               EDWARD F. SHEA

17                        United States District Judge

18

O:\Visiting Judges\ed.ca.08.2401.habeas.screen.wpd

19

20

21

22

23

24

25

26

ORDER * 4